1

2

3

4

5

6

7

8

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

9

10  NORTHWEST SHEET METAL WORKERS          No.
    WELFARE FUND; NORTHWEST SHEET
11  METAL WORKERS PENSION FUND; and
    NORTHWEST SHEET METAL WORKERS
12  SUPPLEMENTAL PENSION TRUST,            **COMPLAINT FOR DAMAGES
                                           AND INJUNCTIVE RELIEF**
13                  Plaintiffs,

14            v.

15  SHEET METAL PRODUCTS, INC.,

16                  Defendant.

17                        **JURISDICTION AND VENUE**

18        1.      This is an action brought pursuant to Section 301 of the National Labor

19  Relations Act, as amended (hereafter "the Act"), 29 U.S.C. § 185, and Section 502 of the

20  Employee Retirement Income Security Act of 1974 (hereafter "ERISA"), 29 U.S.C. § 1132.

21  Jurisdiction and venue are conferred upon this Court by 29 U.S.C. § 185(a), 1132(a), (e) and

22  (f).

23                               **PARTIES**

24        2.      Plaintiff NORTHWEST SHEET METAL WORKERS WELFARE FUND

25  (hereafter "Welfare Trust") is a labor-management health and welfare trust fund created

26  pursuant to the provisions of Section 302(c) of the Act, 29 U.S.C. § 186(c), and authorized to

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF –
NO.         - Page 1

1  sue in its own name by Section 502(d)(1) of ERISA, 29 U.S.C. § 1132(d)(1).  Plaintiff Welfare

2  Fund is administered in the State of Washington.

3        3.      Plaintiff NORTHWEST SHEET METAL WORKERS PENSION FUND

4  (hereafter "Pension Trust") is a labor-management pension trust fund created pursuant to the

5  provisions of Section 302(c) of the Act, 29 U.S.C. § 186(c), and authorized to sue in its own

6  name by Section 502(d)(1) of ERISA, 29 U.S.C. § 1132(d)(1).  Plaintiff Pension Fund is

7  administered in the State of Washington.

8        4.      Plaintiff NORTHWEST SHEET METAL WORKERS SUPPLEMENTAL

9  PENSION TRUST (hereafter "Supplemental Pension Trust") is a labor-management pension

10  trust fund created pursuant to the provisions of Section 302(c) of the Act, 29 U.S.C. § 186(c),

11  and authorized to sue in its own name by Section 502(d)(1) of ERISA, 29 U.S.C. § 1132(d)(1).

12  Plaintiff Pension Fund is administered in the State of Washington.

13        5.      Defendant SHEET METAL PRODUCTS, INC. ("SMP INC.") is a sheet metal

14  contractor and is a party to a collective bargaining agreement with Sheet Metal Workers Local

15  103.  That industry affects commerce within the meaning of the Act.  SMP Inc. has employed

16  or does employ persons represented by Local 103.  SMP Inc.'s principal place of business is

17  1019 W. 22nd St., Cheyenne, WY 82001.

18                                  **CLAIM FOR RELIEF**

19        6.      Plaintiffs incorporate by reference as though set forth fully herein paragraphs 1

20  through 5 above.

21        7.      The collective bargaining agreement between Defendant and Local 103 was in

22  effect at all times material hereto.  By that agreement Defendant SMP, Inc. became obligated to

23  make monthly contributions to plaintiffs Welfare, Pension, and Supplemental Pension, as well as

24  other funds, on behalf of employees represented by Local 103.

25        8.      Defendant has also agreed to and has received money from its Local 103

26  employees, as part of the employees' after-tax wages, which Defendant is and was obligated on

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF –
NO.     - Page 2

1    a monthly basis to deposit into each employee's account, or submit to Local 103 as part of each

2    employee's dues obligation.  Defendant holds such money in trust.

3        9.    Payments due to the various plaintiff and non-plaintiff Trusts, and the amounts of

4    employees' after-tax wages held in trust by Defendant, are calculated pursuant to a contribution

5    reporting form required to be prepared monthly by Defendant.

6        10.    The completed contribution reporting form and accompanying payment are due at

7    the Welfare office and address within fifteen (15) days after the end of each calendar month.

8        11.    For the periods of February, March, June, July, September and October 2017,

9    Defendant failed to timely make payments due to plaintiffs despite its obligation under the trust

10    agreements to which it is bound to do so and despite demand by plaintiffs. In accordance with

11    those trust agreements, Defendant was assessesed late fees for February, March, June, July,

12    September and October 2017, which it has improperly refused to pay.

13        12.    Unless ordered by this Court, Defendant will continue to refuse to pay to the

14    Plaintiffs the late fees due them.  As a result, Plaintiffs will be irreparably damaged.

15        13.    In addition to the unpaid contributions, Plaintiffs are entitled to the following

16    pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g), and Section 301 of the Act, 29 U.S.C.

17    §  185, as amended:

18            (a)    Interest on the unpaid late fees;

19            (b)    An amount equal to the greater of:

20                (i)    interest on the unpaid late fees (hereinafter "penalty"), or

21                (ii)    liquidated damages in an amount equal to 20% of the amount

22                    awarded as unpaid or delinquent contributions, as provided for in

23                    the Trust Agreement (hereinafter "liquidated damages"); and

24            (c)    Reasonable attorneys' fees and the costs of this action.

25        A copy of this complaint will be served upon the Secretary of Labor and the Secretary of

26    the Treasury by certified mail as required by ERISA, 29 U.S.C. § 1132(h).

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF –
NO.        - Page 3

WHEREFORE, plaintiffs demand judgment against the Defendant:

1.      Obligating Defendant to pay to plaintiffs the full amount of late fees owing to it for the periods of February, March, June, July, September and October 2017, with the proper amount of interest and with a penalty or liquidated damages as established by Section 502(g) of ERISA, 29 U.S.C. § 1132(g), the Trust Agreements, and the collective bargaining agreement;

2.      Restraining and enjoining Defendant, its officers, agents, servants, attorneys, and all persons acting on its behalf or in conjunction with it from:  (a refusing to pay late fees to plaintiffs for the periods of February, March, June, July, September and October 2017 to current, and refusing to timely make payments for all periods thereafter for which Defendant is obligated to file such reports under the terms of the collective bargaining agreement, and (b) refusing to pay to plaintiffs all late fees,  including interest, penalties, and liquidated damages, due for the periods February, March, June, July, September and October 2017 to current, and for all periods thereafter for which Defendant is obligated to make timely payments under the terms of the collective bargaining agreement;

3.      Requiring Defendant to pay to plaintiffs reasonable attorneys' fees and the costs of this action as set forth in Section 502(g) of ERISA 29 U.S.C. § 1132(g); and

4.      Granting plaintiffs such further and other relief as may be just and proper.

DATED this ___5th___ day of February, 2018.

MCKANNA BISHOP JOFFE, LLP


s/ Daniel Hutzenbiler
Daniel R. Hutzenbiler
WSBA No. 36938
Telephone: 503-821-0955
Email: dhutzenbiler@mbjlaw.com
Of Attorneys for Plaintiffs

MCKANNA BISHOP JOFFE, LLP
ATTORNEYS AT LAW

1635 NW Johnson Street
Portland, Oregon 97209
503-221-6111 / FAX: 503-221-6121